# Sorem & Pastore

Joseph A. Pastore, Esq. #152167
3570 Camino Del Rio North, Suite 103
San Diego, California 92108
Telephone: (619) 574-1545
Facsimile:    (619) 574-1200

FILED KD

2009 APR 30 PM 3: 09

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

SOUTHER DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

09-5397

| | |
|---|---|
| THE VECHERY FAMILY TRUST DTD 10/9/84; KEY BRANDS INTERNATIONAL, LTD.; and A W FINANCIAL GROUP, LLC., <br><br>Plaintiffs, <br><br>v. <br><br>WALID E. JAMIL and AWATIF S. JAMIL, <br><br>Defendants. | CASE NO. 09-90171 <br><br>**ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |

COMES NOW Defendants, WALID E. JAMIL and AWATIF S. JAMIL, and answers Plaintiff's complaint to determine discharegability of debt as follows:

I

**ANSWER**

A.  The Parties

1.    These answering Defendants admits the allegations in paragraphs 1 through 4, inclusive, of Plaintiff's complaint.

2.   These answering Defendants deny the allegations contained in paragraph 5 of Plaintiff's complaint and affirmatively allege that the Debtor Walid E. Jamil was a shareholder of the corporation known as Jamil Holdings, Inc., dba Universal Grocers and Abarrotera Mundial. A Mexico Corporation. The debtor, Awatif S. Jamil was not a shareholder of either of the corporations in which her husband was a shareholder.  Neither Defendant, Walid E. Jamil nor Awatif S. Jamil, were shareholders of the corporation known as Tri-Mex Distributors, Inc., a California Corporation.

3.   These answering Defendants deny the allegations contained in paragraph 6 of Plaintiffs complaint.

4.   These answering Defendants admit the allegations contained in paragraph 7 of Plaintiffs complaint.

B.   <u>Jurisdiction and Venue</u>

5.   These answering Defendants admit the allegations contained in paragraphs 8 through 10 of Plaintiffs complaint.

C.   <u>Factual Background</u>

6.   These answering Defendants deny the allegations contained in paragraphs 24, inclusive, of Plaintiffs complaint. These answering Defendants admit that substantial documentation was provided to Plaintiffs at Plaintiffs request to perform their due diligence with regard to investing into the business enterprise in Mexico.  These answering Defendants further allege that all monies provided by Plaintiffs was in the form of investments to the Mexico business enterprise and not loans as

-2-

alleged by Plaintiffs, and that therefore such sums are not due and owing as the investment was lost in the business venture.

D.   Count 1 - Exception to Discharge Under 11 U.S.C. 523(a)(2)(A)

7.   In answer to paragraph 25 of Plaintiff's complaint, these answering Defendants incorporate their answers to the paragraphs incorporated therein as if set forth in full herein.

8.   These answering Defendants admit the allegations contained in paragraph 26 of Plaintiffs complaint.

9.   These answering Defendants deny each and every allegation contained in paragraphs 27 through 29 inclusive, of Plaintiff's complaint. These answering Defendants affirmatively aver that the funds provided were investment funds into a business venture which were provided based upon the due diligence of the Plaintiffs.

E.   Count II - Exception to Discharge Under 11 U.S.C. 523(a)(2)(B)

10.   In answer to paragraph 30 of Plaintiff's complaint, these answering Defendants incorporate their answers to the paragraphs incorporated therein as if set forth at full herein.

11.   These answering Defendants admit the allegations contained in paragraph 31 of Plaintiffs complaint.

12.   These answering Defendants deny each and every allegation contained in paragraphs 32 through 36 inclusive, of Plaintiff's complaint. These answering Defendants affirmatively aver that the funds provided were investment funds into a

business venture which were provided based upon the due diligence of the Plaintiffs.

F.   Count III - Exception to Discharge Under 11 U.S.C. 523(a)(4)

13.   In answer to paragraph 37 of Plaintiff's complaint, this answering Defendant incorporates it's answers to the paragraphs incorporated therein as if set forth at full herein.

14.   These answering Defendants admit the allegations contained in paragraph 38 of Plaintiffs complaint.

15.   These answering Defendants deny each and every allegation contained in paragraphs 2739 and 40 of Plaintiff's complaint.  These answering Defendants affirmatively aver that the funds provided were investment funds into a business venture which were provided based upon the due diligence of the Plaintiffs.

G.   Count IV - Exception to Discharge Under 11 U.S.C. 523(a)(6)

16.   In answer to paragraph  of Plaintiff's complaint, this answering Defendant incorporates it's answers to the paragraphs incorporated therein as if set forth at full herein.  As to the balance of the paragraph related to Section 523(a)(6) of the bankruptcy Code, these answering Defendants admit the allegations contained therein.

17.   These answering Defendants deny the allegations contained in paragraphs 42 and 43 of Plaintiffs complaint.

**II**

**AFFIRMATIVE DEFENSE**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS FOLLOWS:

Plaintiffs Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants allege that Plaintiffs have failed to exercise reasonable care for their protection against the type of damages and incidents alleged to have occurred in this Complaint.  If any such damage has occurred, it was proximately and legally caused in some portion, up to the whole thereof, by the Plaintiffs and therefore any award against this answering Defendant, if any, must be reduced in proportion to the comparative fault of the Plaintiffs.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants are informed and believe, and thereupon allege, that if Plaintiffs suffered any damage as a result of the allegations set forth in this Complaint, Plaintiffs are not entitled to recover from Defendants any damages due to Plaintiffs failure to

take reasonable efforts to mitigate the damages said Plaintiffs allegedly incurred.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants are informed and believe, and thereon allege, that if these answering Defendants are found to be liable, then Defendants action or inaction was not the sole, legal or proximate cause of the incidents upon which liability is based or damages awarded, if any, and that accordingly, any damages awarded must be apportioned according to the respective fault of all parties, persons or entities, or their agents, servants and employees, who contributed to or caused the alleged incidents or damages, according to proof at the time of trial.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants allege that Plaintiffs conduct relative to these answering Defendants and the relationship between Plaintiffs and these answering Defendants was such as to bring the Plaintiffs into this lawsuit with unclean hands, and as such, Plaintiffs are barred from pursuing the claims alleged.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS

FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendant is informed and believes, and thereon alleges, that the Complaint filed by Plaintiffs against this Defendant was brought without reasonable care and without a good faith belief that there was a justiciable controversy under the facts and law which warranted the filing of the Complaint against this responding Defendant, as the agreement provided for the purchase of 50% of OK stores, which purchase was acquired but through the failure of Plaintiffs to complete the capital payments, the stores were lost, and Plaintiffs now try to claim other entities as the basis of the transaction, and as such Plaintiffs should therefore be responsible for all of Defendant's necessary and reasonable defense costs, including attorney's fees.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants are informed and believe, and thereon alleges that the monies due as alleged in the complaint were in actuality funds provided for capital contributions due and owing to the identified corporate entities so that Plaintiffs could acquire an interest in the Mexico business ventures after Plaintiffs representatives, who are substantial sophisticated business individuals, had fully performed their due diligence, and any writings to the contrary were represented to Defendants by

- 7 -

Harvey Vechery to merely be to avoid any dispute between HARVEY VECHERY and LINDA VECHERY, who were in actuality the true investors with regard to such investment rather than to represent any actual monies due and owing from Defendants.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants allege that if any contracts, obligations, or agreements as alleged in the Complaint have been entered into, any duty or performance of Defendants is excused by reason of Plaintiffs breach of their obligations and commitments which lead to the loss of the enterprise under which the monies were paid, and specifically, that the funds were provided as an investment to acquire three OK Stores in Mexico, as well as continue operation of the Go4Valu enterprise with Defendants and Plaintiffs each having a 50% interest in the stores. Plaintiff agreed by letter of intent to provide capital to obtain the stores and provide necessary inventory. Plaintiffs provided funds over an extended period of time greater than anticipated by the parties and subsequently failed to provide the full capital agreed, and that as a result thereof the failure to provide such additional capital by the Plaintiffs caused the loss of the stores.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS

FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants allege that the monies provided were not loans to be repaid, but rather an investment in the Mexico ventures, which investments were made by Plaintiffs after full and careful due diligence and inspection of records and facilities, and therefore the monies are subject to discharge as investments provided after full and open investigation.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE SECOND AMENDED COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants are informed and believes and based thereon allege that the amounts invested by Plaintiffs were invested after careful and diligent investigation of the financial condition of the business venture as well as inspection of the facilities of the business enterprise, and not as a result of any fraud or improper conduct by Defendants.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE SECOND AMENDED COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants are informed and believes and based thereon allege that the amounts invested by Plaintiffs were invested after careful and diligent investigation of the financial condition of the business venture as well as inspection of the facilities of

the business enterprise, and not as a result of any conversion of funds by Defendants of the monies invested into the business venture.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE SECOND AMENDED COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS FOLLOWS:

This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, affirmative defenses. This answering Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, this answering Defendant prays as follows:

1. That the claim of Plaintiffs are discharged pursuant to the Bankruptcy Petition of the Defendants;

2. That these answering Defendants have judgment against the Plaintiffs for costs of suit incurred herein;

3. That these answering Defendants recover attorneys fees incurred herein; and

4. For such other and further relief as this court may deem just and proper.

DATED: April 29, 2009                                SOREM & PASTORE, Lawyers

By: _____
JOSEPH A. PASTORE, ESQ.
Attorney for Defendants