1  # Sorem & Pastore
Joseph A. Pastore, Esq. #152167
2  3570 Camino Del Rio North, Suite 103
San Diego, California 92108
3  Telephone: (619) 574-1545
Facsimile:  (619) 574-1200
4

5

6  Attorneys for Defendants

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **SOUTHER DISTRICT OF CALIFORNIA**

10  **SAN DIEGO DIVISION**

11

12  THE VECHERY FAMILY TRUST DTD)      CASE NO. 09-05397-LT7
10/9/84;    KEY    BRANDS)          adv. 09-90171
INTERNATIONAL, LTD.; and A W)       **ANSWER TO COMPLAINT TO DETERMINE**
13  FINANCIAL GROUP, LLC.,           )    **DISCHARGEABILITY OF DEBT**
                                     )
14                                   )
                                     )
15               Plaintiffs,         )
                                     )
16  v.                               )
                                     )
17  WALID E. JAMIL and AWATIF S.)
JAMIL,                               )
18                                   )
                                     )
19               Defendants.)
                                     )
20  _____)

21       COMES NOW Defendants, WALID E. JAMIL and AWATIF S. JAMIL,

22  and answers Plaintiff's complaint to determine discharegability

23  of debt as follows:

24                            I

25                          **ANSWER**

26  A.    The Parties

27       1.    These answering Defendants admits the allegations in

28

---
ANSWER TO COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

paragraphs 1 through 4, inclusive, of Plaintiff's complaint.

2.    These answering Defendants deny the allegations contained in paragraph 5 of Plaintiff's complaint and affirmatively allege that the Debtor Walid E. Jamil was a shareholder of the corporation known as Jamil Holdings, Inc., dba Universal Grocers and Abarrotera Mundial. A Mexico Corporation. The debtor, Awatif S. Jamil was not a shareholder of either of the corporations in which her husband was a shareholder.  Neither Defendant, Walid E. Jamil nor Awatif S. Jamil, were shareholders of the corporation known as Tri-Mex Distributors, Inc., a California Corporation.

3.    These answering Defendants deny the allegations contained in paragraph 6 of Plaintiffs complaint.

4.    These answering Defendants admit the allegations contained in paragraph 7 of Plaintiffs complaint.

B.    Jurisdiction and Venue

5.    These answering Defendants admit the allegations contained in paragraphs 8 through 10 of Plaintiffs complaint.

C.    Factual Background

6.    These answering Defendants deny the allegations contained in paragraphs 24, inclusive, of Plaintiffs complaint. These answering Defendants admit that substantial documentation was provided to Plaintiffs at Plaintiffs request to perform their due diligence with regard to investing into the business enterprise in Mexico.  These answering Defendants further allege

that all monies provided by Plaintiffs was in the form of investments to the Mexico business enterprise and not loans as alleged by Plaintiffs, and that therefore such sums are not due and owing as the investment was lost in the business venture.

D.    Count 1 - Exception to Discharge Under 11 U.S.C.
523(a)(2)(A)

7.    In answer to paragraph 25 of Plaintiff's complaint, these answering Defendants incorporate their answers to the paragraphs incorporated therein as if set forth in full herein.

8.    These answering Defendants admit the allegations contained in paragraph 26 of Plaintiffs complaint.

9.    These answering Defendants deny each and every allegation contained in paragraphs 27 through 29 inclusive, of Plaintiff's complaint.  These answering Defendants affirmatively aver that the funds provided were investment funds into a business venture which were provided based upon the due diligence of the Plaintiffs.

E.    Count II - Exception to Discharge Under 11 U.S.C.
523(a)(2)(B)

10.    In answer to paragraph 30 of Plaintiff's complaint, these answering Defendants incorporate their answers to the paragraphs incorporated therein as if set forth at full herein.

11.    These answering Defendants admit the allegations contained in paragraph 31 of Plaintiffs complaint.

12.    These answering Defendants deny each and every

allegation contained in paragraphs 32 through 36 inclusive, of Plaintiff's complaint.  These answering Defendants affirmatively aver that the funds provided were investment funds into a business venture which were provided based upon the due diligence of the Plaintiffs.

F.    Count III - Exception to Discharge Under 11 U.S.C. 523(a)(4)

13.    In answer to paragraph 37 of Plaintiff's complaint, this answering Defendant incorporates it's answers to the paragraphs incorporated therein as if set forth at full herein.

14.    These answering Defendants admit the allegations contained in paragraph 38 of Plaintiffs complaint.

15.    These answering Defendants deny each and every allegation contained in paragraphs 2739 and 40 of Plaintiff's complaint.  These answering Defendants affirmatively aver that the funds provided were investment funds into a business venture which were provided based upon the due diligence of the Plaintiffs.

G.    Count IV - Exception to Discharge Under 11 U.S.C. 523(a)(6)

16.    In answer to paragraph  of Plaintiff's complaint, this answering Defendant incorporates it's answers to the paragraphs incorporated therein as if set forth at full herein.  As to the balance of the paragraph related to Section 523(a)(6) of the bankruptcy Code, these answering Defendants admit the allegations contained therein.

17.    These answering Defendants deny the allegations

contained in paragraphs 42 and 43 of Plaintiffs complaint.

II

### AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS FOLLOWS:

Plaintiffs Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants allege that Plaintiffs have failed to exercise reasonable care for their protection against the type of damages and incidents alleged to have occurred in this Complaint.  If any such damage has occurred, it was proximately and legally caused in some portion, up to the whole thereof, by the Plaintiffs and therefore any award against this answering Defendant, if any, must be reduced in proportion to the comparative fault of the Plaintiffs.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS FOLLOWS:

Without admitting any of the allegations of the Complaint,

1  Defendants are informed and believe, and thereupon allege, that

2  if Plaintiffs suffered any damage as a result of the allegations

3  set forth in this Complaint, Plaintiffs are not entitled to

4  recover from Defendants any damages due to Plaintiffs failure to

5  take reasonable efforts to mitigate the damages said Plaintiffs

6  allegedly incurred.

7      AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

8  COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS

9  FOLLOWS:

10     Without admitting any of the allegations of the Complaint,

11

12  Defendants are informed and believe, and thereon allege, that if

13  these answering Defendants are found to be liable, then

14  Defendants action or inaction was not the sole, legal or

15  proximate cause of the incidents upon which liability is based or

16  damages awarded, if any, and that accordingly, any damages

17  awarded must be apportioned according to the respective fault of

18  all parties, persons or entities, or their agents, servants and

19  employees, who contributed to or caused the alleged incidents or

20  damages, according to proof at the time of trial.

21     AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

22  COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS

23  FOLLOWS:

24     Without admitting any of the allegations of the Complaint,

25  Defendants allege that Plaintiffs conduct relative to these

26

27  answering Defendants and the relationship between Plaintiffs and

28

ANSWER TO COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT            - 6 -

1   these answering Defendants was such as to bring the Plaintiffs
2   into this lawsuit with unclean hands, and as such, Plaintiffs are
3   barred from pursuing the claims alleged.

4   AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
5   COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANTS ALLEGE AS
6   FOLLOWS:

7   Without admitting any of the allegations of the Complaint,
8   Defendant is informed and believes, and thereon alleges, that the
9   Complaint filed by Plaintiffs against this Defendant was brought
10  without reasonable care and without a good faith belief that
11  there was a justiciable controversy under the facts and law which
12  warranted the filing of the Complaint against this responding
13  Defendant, as the agreement provided for the purchase of 50% of
14  OK stores, which purchase was acquired but through the failure of
15  Plaintiffs to complete the capital payments, the stores were
16  lost, and Plaintiffs now try to claim other entities as the basis
17  of the transaction, and as such Plaintiffs should therefore be
18  responsible for all of Defendant's necessary and reasonable
19  defense costs, including attorney's fees.

20  AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
21  COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS
22  FOLLOWS:

23  Without admitting any of the allegations of the Complaint,
24  Defendants are informed and believe, and thereon alleges that the
25  monies due as alleged in the complaint were in actuality funds

ANSWER TO COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT          - 7 -

1   provided for capital contributions due and owing to the

2   identified corporate entities so that Plaintiffs could acquire an

3   interest in the Mexico business ventures after Plaintiffs

4   representatives, who are substantial sophisticated business

5   individuals, had fully performed their due diligence, and any

6   writings to the contrary  were represented to Defendants by

7   Harvey Vechery to merely be to avoid any dispute between HARVEY

8   VECHERY and LINDA VECHERY, who were in actuality the true

9   investors with regard to such investment rather than to represent

10  any actual monies due and owing from Defendants.

11

12       AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

13  COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS

14  FOLLOWS:

15       Without admitting any of the allegations of the Complaint,

16  Defendants allege that if any contracts, obligations, or

17  agreements as alleged in the Complaint have been entered into,

18  any duty or performance of Defendants is excused by reason of

19  Plaintiffs breach of their obligations and commitments which lead

20  to the loss of the enterprise under which the monies were paid,

21  and specifically, that the funds were provided as an investment

22  to acquire three OK Stores in Mexico, as well as continue

23  operation of the Go4Valu enterprise  with Defendants and

24  Plaintiffs each having a 50% interest in the stores.  Plaintiff

25  agreed by letter of intent to provide capital to obtain the

26  stores and provide necessary inventory.  Plaintiffs provided

27

28

ANSWER TO COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT              - 8 -

1   funds over an extended period of time greater than anticipated by

2   the parties and subsequently failed to provide the full capital

3   agreed, and that as a result thereof the failure to provide such

4   additional capital by the Plaintiffs caused the loss of the

5   stores.

6       AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

7   COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS

8   FOLLOWS:

9       Without admitting any of the allegations of the Complaint,

10  Defendants allege that the monies provided were not loans to be

11  repaid, but rather an investment in the Mexico ventures, which

12  investments were made by Plaintiffs after full and careful due

13  diligence and inspection of records and facilities, and therefore

14  the monies are subject to discharge as investments provided after

15  full and open investigation.

16      AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE  SECOND

17  AMENDED COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT

18  ALLEGES AS FOLLOWS:

19

20      Without admitting any of the allegations of the Complaint,

21  Defendants are informed and believes and based thereon allege

22  that the amounts invested by Plaintiffs were invested after

23  careful and diligent investigation of the financial condition of

24  the business venture as well as inspection of the facilities of

25  the business enterprise, and not as a result of any fraud or

26  improper conduct by Defendants.

27

28

ANSWER TO COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT            -  9  -

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE SECOND AMENDED COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS FOLLOWS:

Without admitting any of the allegations of the Complaint, Defendants are informed and believes and based thereon allege that the amounts invested by Plaintiffs were invested after careful and diligent investigation of the financial condition of the business venture as well as inspection of the facilities of the business enterprise, and not as a result of any conversion of funds by Defendants of the monies invested into the business venture.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE SECOND AMENDED COMPLAINT AND EACH CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES AS FOLLOWS:

This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, affirmative defenses.  This answering Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, this answering Defendant prays as follows:

1.    That the claim of Plaintiffs are discharged pursuant to the Bankruptcy Petition of the Defendants;

2.    That these answering Defendants have judgment against the Plaintiffs for costs of suit incurred herein;

ANSWER TO COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT            - 10 -



3.    That these answering Defendants recover attorneys fees incurred herein; and

4.    For such other and further relief as this court may deem just and proper.

DATED: April 29, 2009                          SOREM & PASTORE, Lawyers


By: _____
JOSEPH A. PASTORE, ESQ.
Attorney for Defendants

ANSWER TO COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT              - 11 -

| ATTORNEY(S) NAME & ADDRESS | TELEPHONE & FACSIMILE | FOR COURT USE ONLY |
|---|---|---|
| JOSEPH A. PASTORE<br>SOREM & PASTORE<br>3570 Camino Del Rio North, Suite 103<br>San Diego, CA 92108<br>ATTORNEY FOR: Walid Jamil | (619) 574-1545<br>(619) 574-1200<br><br>Bar No. 152167 | FILED TS<br><br>09 MAY -5 P4 9: 15<br><br>U.S. BANKRUPTCY CT<br>SO. DIST. OF CALIF |

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>SAN DIEGO DIVISION | |
| TITLE:<br>WALID E. JAMIL AND AWATIF S. JAMIL | MAGISTRATE: Laura S. Taylor<br>CHAPTER 7 |

| | |
|---|---|
| **PROOF OF SERVICE**<br>(CCP 1011, 1013a(1) & (3) & Local Rules, Division II, Rule 5.2C) | CASE NUMBER  adv.<br>09-05397-LT7  09-9017l |

I, **Judith Nuñez** , declare that: I am over the age of eighteen years and not a party to the action. My business address is 3570 Camino del Rio North, Suite 103, San Diego, California 92108-3712. On **May 4, 2009**, served the following document(s):

## ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Service address(es):

Paul R. Hage, Esq.
27777 Franklin ROad
Suite 2500
Southfield, MI 48034
- Attorney for Plaintiff

R. Soren Anderson
4000 Crooks Road
Suite 208
Royal Oak, MI 48073
- Attorney for Debtor

XX — (By U.S. Mail) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses identified above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

____ (By fax transmission) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

____ (By personal service) I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented in an envelope by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on **May 4, 2009**, at San Diego, California.

Judith Nuñez